

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SCOTT A. SAMFORD, JR., | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 3:03-CV-1969-M |
| | § | |
| DOUGLAS DRETKE, Director TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

This Court has conducted an independent review of the file and the pleadings in this case, as well as the Findings, Conclusions, and Recommendation (the "Findings") of United States Magistrate Judge Paul D. Stickney, filed on April 27, 2005, to which the Petitioner has asserted objections. The Court accepts the Findings, Conclusions, and Recommendation of the United States Magistrate Judge.

## I. FACTUAL BACKGROUND

Petitioner pleaded guilty to aggravated assault on January 15, 1998. The trial court entered an order deferring a finding of guilt and placing him on five years' probation. Petitioner did not appeal this order. The trial court revoked his probation, found him guilty of aggravated assault, and imposed a twenty-year sentence on June 11, 1998.

Samford filed state applications for a writ of habeas corpus on March 15, 2000, March 7, 2001,[1] July 31, 2001, May 30, 2002, April 24, 2003, August 18, 2004, and May 16, 2005. The Texas Court of Criminal Appeals dismissed each application. The court dismissed the March 15,

---

[1] In his Findings, Magistrate Judge Stickney did not consider the application dated March 7, 2001, because the Court received its first copy of that application on October 19, 2005.

2000, application because Samford's direct appeal was still pending at the time he filed the application. The court returned the March 7, 2001, petition to Dallas County because Petitioner failed to comply with Rule 73.2 of the Texas Rules of Appellate Procedure. Samford's July 31, 2001, petition was denied by the court without written order on the findings of the trial court. The applications dated May 30, 2002, and April 24, 2003, were dismissed as successive writs. Samford filed his federal petition for writ of habeas corpus on July 10, 2003.

## II. ANALYSIS

In his Findings, Magistrate Judge Stickney held that Samford's conviction became final on March 27, 2000. Findings at 6. This Court agrees. Thus, absent statutory or equitable tolling of the limitations period, Samford's federal petition was due on or before March 27, 2001.[2] After considering the March 15, 2000, July 31, 2001, May 30, 2002, and April 24, 2003, applications, the Magistrate Judge found that none justified statutory tolling or equitable tolling. The Court agrees with Magistrate Judge Stickney's Findings on these matters, and accepts them as this Court's findings.

The Findings did not address Samford's applications of March 7, 2001, August 18, 2004, or May 16, 2005. None of these justify statutory tolling. Samford's March 7, 2001, application was returned to Dallas County because Samford had attempted to incorporate claims by reference, violating Rule 73.2 of the Texas Rules of Appellate Procedure. Such a petition is not

---

[2]The Court notes that Respondent argues that Samford's federal petition was due a year from the trial court's order of deferred adjudication, not a year from the date Samford's conviction became final. *See Caldwell v. Dretke*, 429 F.3d 521, 527-28 (5th Cir. 2005). However, because Petitioner's July 10, 2003, petition is time-barred whether or not the Court recognizes the earlier deadline, the Court need not decide this contention.

"properly filed," and therefore does not toll the limitations period under 28 U.S.C. § 2244(d)(2). *See Edwards v. Cockrell*, 3-02-CV-2673-M, 2003 U.S. Dist. LEXIS 21986 (N.D. Tex. Dec. 5, 2003) (Lynn, J.), *affirmed by Edwards v. Dretke*, 116 Fed. Appx. 470 (5th Cir. 2004) (citing *Artuz v. Bennett*, 531 U.S. 4 (2000)). Petitioner's August 18, 2004, and May 16, 2005, applications were not filed within a year of final judgment against him; therefore, neither can statutorily toll the limitations period. *See* Findings at 7 (citing *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000)).

The Court accepts Magistrate Judge Stickney's Findings regarding equitable tolling, notwithstanding the fact that the Magistrate Judge did not consider Petitioner's applications of March 7, 2001, August 18, 2004, or May 16, 2005. Samford has not shown that his mental state or his ignorance of the law justify equitable tolling. *See* Findings at 8 (citing *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002); *Edwards v. Dretke*, No. 3:03-CV-807-K, 2005 WL 119471, at *4 (N.D. Tex. Jan. 19, 2005)). Samford did not diligently pursue his claims. *See* Findings at 8 (citing *Phillips v. Donnelly*, 216 F.3d 508, 511). Consideration of the March 7, 2001, August 18, 2004, and May 16, 2005, applications do not change the Court's conclusion that the claims are barred by limitations.[3]

---

[3] At the time Samford filed his non-conforming state application on March 7, 2001, twenty days of the federal limitations period remained. Even if the Court applied equitable tolling from the date Samford filed his nonconforming petition on March 7, 2001, until the date he filed his third habeas petition on July 31, 2001, the federal petition would still be untimely.

3

## III. CONCLUSION

The Court declines to apply statutory or equitable tolling to Samford's petition. Therefore, Samford's July 10, 2003, petition, filed over two years after the limitations period expired on March 27, 2001, is **DISMISSED WITH PREJUDICE** as time-barred.

**SO ORDERED.**

January 19, 2006.

                                            BARBARA M.G. LYNN
                                            UNITED STATES DISTRICT JUDGE
                                            NORTHERN DISTRICT OF TEXAS

# CASE CLOSED

**CASE NUMBER:** 3:03-CV-1969-M

**DATE:** 01.19.06

**TRIAL: YES** ____ **NO** X